Deaderick, J.,
delivered the opinion of the court:
Several bills and cross bills have been consolidated and beard together, the object being to settle the estate -of W. 0.- North cut and a partnership in a mill, and 200 acres of land existing at his death, with the surviving partner, J. G-. *626 Moore. Grifiy’s wife was one of tbe beirs at law and dis-tributees of said W. C. Northcut, deceased, and John M. Nortbeut is a son and administrator of said W. C. Nortb-cut, and .complainants Hester and others, creditors of Nortbcut, deceased.
A decree was rendered in tbis cause, and on appeal it was reversed, and, tbe casa being remanded, another decree was rendered, from which tbe creditors of Nortbcut, deceased, have appealed.
Tbp difficulty arises from tbe construction given tbe opinion of tbis court remanding tbe cause for an account.
Upon tbe filing of tbe bill of Grifi'y and wife, tbe partnership property was taken out of tbe possession of Moore, tbe surviving partner, and placed in tbe bands of a receiver.
And tbe decree rendered upon tbe master's report made tbe 22d of August, 1S73, after tbe causes were remanded by tbis court, adjudge and declare tbat tbe creditors are entitled to have applied to their claims tbe rents and profits of the partnership property received by tbe administrator and paid to tbe distributees by him prior to tbe time of the filing of their bill by Griffy and wife, but tbat -after tbat date, tbe rents and profits of tbe mill gu to tbe beirs in exclusion of tbe debts of creditors.
The opinion of tbis court, citing tbe oases of McAlister v. Montgomery, 3 Hay., 97, 98; Yeatman v. Woods, 6 Yer., 20; and Barcroft v. Snodgrass, 1 Cold., 445, deduced from these cases, in remanding tbis ease, was declared to be, that tbe surviving partner took tbe legal title to tbe realty held as partnership property, and might sell it to pay tbe partnership debts, and after tbe payment of tbe debts, and tbe settlement of tbe partnership affairs, tbe surplus arising from such sale would go to tbe beirs of tbe deceased partner, but any profits or rents realized from sucb partnership realty, after tbe winding up and settlement of such partnership, would go to tbe executor or 'administrator of *627 such deceased partner as personalty. Whether the business is carried on under the management or superintendence of the surviving partner, or by the order of the chancery court, by a receiver, the object in either case being the winding up and settlement of the business of the partnership, can make no difference in the principles of law governing the case. The profits during this period, according to the former opinion of tins court, and before the debts are paid and the business wound up, or a sum sufficient for the purpose off their payment set apart, or appropriated, or rather the residue of such profits after payment, are personalty, and go to the administrator or executor, and in his hands are assets for the payment of the debts of such deceased partner.
It seems to have been understood by the chancellor, from the opinion of this court, that the time to' which the account of profits of the firm was to be taken, as assets in administrator’s hands was the date of the filing of the bill by Griffy and wife.
The opinion does direct “account to be taken of the profits of the mill, in the hands of Moore as surviving partner, after payment of partnership debts, up to the time of the filing of the bill.”
The direction has reference to the time, up to which, the account with Moore shall be-taken; but we do not understand it as declaring the time at which the debts were paid, and the partnership was wound up, to be the time at which the bill of Griffy and wife was filed.
Such could not be its meaning, as the bill was filed, in part, to effect the payment of the firm debts and the settlement of the partnership, and fixing upon that period as the time at which such settlement and payment was had and made we think -was erroneous.
Nor do we see in the record anything showing an adjustment and settlement of the partnership affairs, at an earlier period than the decree of Aug. 22, 1873.
*628 Kents and profits of tbe partnership property which.accrued up to the date of that decree, not required for the payment of debts, will go to the administrator for the benefit of creditors. And with this modification the chancellor’s decree will be affirmed and the cause will be remanded to the chancery court for such further accounts and proceedings as may be necessary for the adjustment of the rights of the parties in the several consolidated cases.
The costs of this court will be paid by the receiver out of funds in his hands arising from rents and profits.